NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LI LIN XUE, | No.   20-73149 |
| Petitioner, | Agency No. A209-420-047 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022[**]
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Li Lin Xue, a citizen of China, petitions for review of a Board of Immigration Appeals ("BIA") order upholding the denial of his claims for asylum and withholding of removal under the Immigration and Nationality Act.  We have jurisdiction under 8 U.S.C. § 1252, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2017), and deny the petition.

When the BIA partially adopts the decision of an Immigration Judge ("IJ") and contributes its own reasoning, we review both the BIA decision and the IJ decision, to the extent the BIA adopted it. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). Here, the BIA adopted and affirmed the IJ's denial based on the IJ's adverse credibility determination. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Wang*, 861 F.3d at 1007 (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). When reviewing an adverse credibility determination, we consider the totality of the circumstances and all relevant factors, *see Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc), and may reverse only if the record compels a contrary conclusion, *see Wang*, 861 F.3d at 1007.

Xue's testimony was marked by inconsistencies, implausibilities, and contradictions with the record. For example, Xue testified that he first learned about Christianity from a friend in 2016. But his baptismal certificate notes "childhood" as the time of his belief in God. The IJ was unpersuaded by Xue's explanation that his mother was also a Christian (an allegation absent from Xue's testimony on direct examination or the letter submitted by Xue's father). While it is possible that Xue's mother was a Christian, Xue's explanation about his baptismal certificate is inconsistent with his assertion that he learned of Christianity from a friend in 2016.

*See Wang*, 861 F.3d at 1007 (holding that credibility determinations "may be made 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim'" (internal citation omitted)). Next, although Xue testified that he was detained in a police station in Fuqing City for fifteen days, Xue was unable to describe even the approximate part of town in which he was detained and his father's letter makes no mention of accepting Xue upon his release or posting Xue's bail. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (IJ may base a credibility determination on the inherent plausibility of the applicant's account). Taken together, these inconsistencies—among others—and the IJ's implausibility findings provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (adverse credibility determination is based on "the totality of the circumstances"). And without credible testimony, Xue fails to establish his eligibility for asylum and withholding of removal.

Xue also argues the BIA erred by failing to apply the notice and explanation requirements of *Ren v. Holder*, 648 F.3d 1079, 1090–93 (9th Cir. 2011). But because the agency's adverse credibility determination is supported by substantial evidence and did not depend on Xue's lack of corroboration, *Ren*'s notice and explanation requirements do not apply. *See id.* at 1089. The agency merely noted that Xue did not provide corroborative evidence to rescue his discredited testimony or

independently satisfy his burden of proof.

**PETITION DENIED.**